## COMMONWEALTH *vs.* PATRICK MULLINS.

No exception lies to the decision of a judge of the superior court upon the question whether a witness has sufficient knowledge of right and wrong and of the nature and obligation of an oath to qualify him to testify, if no erroneous view is taken of any legal principle.

If a medical expert has testified, in an indictment for manslaughter by striking the deceased upon the head with a stone, that the appearances disclosed upon a *post mortem* examination of the head of the deceased, as described by another witness, were those of apoplexy, he may be asked on cross-examination what he would think to be the cause of death if he should find a man ·dead, and a *post mortem* examination should disclose similar appearances to those described, and it should be proved that he had been struck violently upon the head with a stone.

INDICTMENT for manslaughter, by striking the deceased upon the head with a stone.

At the trial in the superior court, before *Wilkinson,* J., Mary Jane Perry, a girl twelve years of age, was called as a witness on the part of the Commonwealth, and was objected to as incompetent. The judge asked her if she knew the consequences of testifying what was untrue. She replied that God would punish her. She was then asked if there would be any punishment in this world, by human laws. She replied that she did not know. She was further inquired of by the judge as to her education and knowledge, and he was satisfied that she was intelligent and had sufficient knowledge of right and wrong, and of the nature and obligation of an oath, and admitted her to testify.

Dr. Chenery Puffer was also called as a witness, and testified to appearances disclosed on a *post mortem* examination of the head of the deceased; and the defendant called Dr. Adams C. Deane, who had heard the former evidence, and testified that the appearances described were those of apoplexy. On cross-examination the following question was allowed to be put to the witness, under objection : " If you should find a man dead, and upon *post mortem* examination should find the same internal condition and appearances of the internal organs as described by Dr. Puffer, and it should be proved that the deceased had been struck violently upon the head with a stone, what should you say caused

his death ? " The witness answered that he should say the stone killed him. The judge instructed the jury that, if the case supposed in the question included any circumstances not proved, they should disregard the answer.

The defendant was convicted, and alleged exceptions.

*G. W. Bartlett*, for the defendant.

*Foster*, A. G., for the Commonwealth, was not called upon.

DEWEY, J. The witness Mary Jane Perry being only twelve years of age, it was a proper case for the court to inquire as to her competency in reference to her understanding of the nature of an oath, and her responsibility to the Supreme Being, for not testifying to the truth. So far as regards the latter, the answer of the witness was certainly full and satisfactory. It is the nature of the oath as a religious obligation and solemn appeal to God, that is the principal subject of inquiry when an examination of this character is made. To answer this inquiry properly will of course require that the witness have a sufficient degree of intelligence and understanding to be admitted to testify in the matter before the court.

We think the examination of an infant as to his competency to testify, and the determination of the question whether he is competent, are very much under the discretion of the court before whom the case is heard, and not in general a subject of exceptions removing that question to a higher court. If an erroneous view of any legal principle was taken upon such hearing, that might properly be brought before us for revision, but not the judgment of the court as to the sufficiency of the proof to satisfy the court of the ability of the witness to understand the nature of an oath, and of the possession of sufficient intelligence to testify in the case. *Commonwealth* v. *Hills*, 10 Cush. 530.

As to the other point raised, it is difficult to perceive any ground for the objection urged to the interrogatory propounded to Dr. Deane by the district attorney on the cross-examination. The question put to the witness presented a hypothetical case, and was answered as such. It did not make the witness a judge of the facts in proof before the jury. It properly left that to be decided by the jury, and the court in their instructions

guarded the jury on that point, by stating that if the supposed case, upon which an opinion had been given by the witness, included any circumstance not proved, the answer of the witness was to be excluded from their consideration. The case of *Woodbury* v. *Obear*, 7 Gray, 467, is directly in point as an authority for this form of putting the question to an expert. In that case, under its peculiar circumstances as to the state of the evidence, a hypothetical case was held to be the only proper form of putting the question to a witness called as an expert.

In no aspect of the present case can these objections prevail.

*Exceptions overruled.*